# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JAIR DE JESUS ALVAREZ-RAMIREZ,

        Applicant,

v.                                      No. CIV-05-0880 BB/WDS

ALLEN COOPER, Warden of Cibola
County Correctional Center,

        Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Applicant's application for writ of habeas corpus under 28 U.S.C. § 2241. Applicant is confined in a privately operated correctional facility pursuant to a federal criminal conviction. He asserts a number of constitutional violations arising from disciplinary proceedings that resulted in his segregation and forfeiture of earned good time credits. Initially, he contends that the government's delegation of disciplinary decisions to private contractors is unconstitutional, and also that the proceedings violated his due process rights. He alleges that he was held in segregation longer than the term of the disciplinary penalty, in violation of his Eighth Amendment rights. Furthermore, he was denied access to the courts because the facility does not have a "satellite Law Library." Applicant asks that the disciplinary charges be vacated or dismissed, his good time credits be restored, and the facility be sanctioned.

Applicant is incarcerated at the Cibola County, New Mexico, Correctional Center. He was found guilty in disciplinary proceedings of charges of unauthorized possession of currency and giving money to, or receiving money from, a person for the purpose of introducing contraband, in violation

of certain federal regulations.  His punishment was thirty days of disciplinary segregation and forfeiture of twenty-seven days of earned good time credit.

Applicant asserts two constitutional violations in the disciplinary proceedings: (1) the government's unconstitutional delegation of disciplinary decisions to private contractors and (2) denial of procedural due process rights.  As to the first claim, the Bureau of Prisons has the discretion to incarcerate a convict in a state or private facility, *see* 18 U.S.C. § 3621(b), and "federal prisoners generally enjoy no constitutional right to placement in any particular penal institution."  *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992).  Applicant provides no authority for the proposition that a private facility housing federal prisoners may not subject its inmates to appropriate disciplinary proceedings.  This quasi-jurisdictional argument does not support a due process claim for habeas corpus relief.

Applicant's second disciplinary claim is that there were discrepancies in the incident reports, and prison authorities failed to adequately investigate the charges against Applicant.  A disciplinary conviction must be based on " 'some evidence,' " *Plunk v. Givens*, 234 F.3d 1128, 1130 (10th Cir. 2000) (citing *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996)), and procedures must satisfy minimal due process requirements.  These are: (1) written notice of the charges against the inmate at least twenty-four hours before the hearing; (2) the right to call witnesses and present evidence at the hearing; (3) a written statement by the fact-finder as to the evidence relied upon and the reason for any action taken.  *See Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974); *Lowe v. Sockey*, No. 00-7109, 2002 WL 491731, at **7 (10th Cir. Apr. 2, 2002).  Applicant does not allege violation of the specific procedural requirements, and thus his claim is for insufficient evidence to support his conviction. As noted in Exhibits 1, 3, and 4 attached to Applicant's appendix, Applicant

essentially admitted the substantive charges against him, which were additionally supported by the incident report.  The disciplinary proceedings did not violate Applicant's procedural due process protections.

Applicant's remaining claims are not cognizable in a habeas corpus proceeding. He alleges that he was held in segregation longer than his specified punishment and was denied access to the courts because the facility does not have a "satellite Law Library."  For relief, he asks that the facility be sanctioned.  Remedies for unconstitutional conditions of confinement may not be pursued under the "federal habeas statute, . . . where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence."  *Nelson v. Campbell*,  541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).  These claims do not challenge the "fact or length of [Applicant's] confinement," *Preiser*, 411 U.S. at 494, and will be dismissed.

IT IS THEREFORE ORDERED that Applicant's claims for dismissal of disciplinary charges and restoration of good time credits are DISMISSED with prejudice, his claims of wrongful segregation and denial of court access are DISMISSED without prejudice, the application for writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED with prejudice, and judgment will be entered.


_____
UNITED STATES DISTRICT JUDGE

3